UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor,<br><br>  Plaintiff,<br><br>v.<br><br>PBI BANK, INC. and THE MILLER'S HEALTH SYSTEMS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>  Defendants<br><br>PBI BANK, INC.,<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>THE MILLER'S HEALTH SYSTEMS, INC., V. RICHARD MILLER, R. JAMES MILLER, BEVERLY MILLER, BARBARA MILLER, LORI HAUG and PATRICK BOYLE,<br><br>  Third-Party Defendants. | CASE NO. 3:13-CV-1400-PPS-CAN |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PBI BANK, INC.'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor ("Secretary") submits this memorandum in opposition to defendant PBI Bank, Inc.'s ("Defendant") motion to dismiss (Dkt. # 33) the Secretary's Complaint ("Compl.," Dkt. # 1). In its motion, Defendant argues that the Secretary's action is time barred by the six-year limitations period in section 413(1), 29 U.S.C. § 1113(1), of the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.[1]  On three separate occassions, however, Defendant voluntarily signed and received the benefits of contractual agreements to forestall the initiation of the Secretary's litigation against it in exchange for its waiver of any limitations (or timeliness) defense.  Ignoring its contractual commitments, Defendant argues that the parties' agreements are unenforceable because, Defendant asserts, the six-year limitations period in ERISA section 413(1) cannot be tolled, even by express agreement of the parties, because it is jurisdictional and, therefore, the Secretary's claims were not timely pled.  As set forth more fully below, Defendant is wrong, and the Court should deny Defendant's motion.

Under governing Seventh Circuit precedent, "[a]s a general matter, limitations statutes setting deadlines for bringing suit in federal court are not jurisdictional."  Miller v. Federal Deposit Ins. Corp., 738 F.3d 836, 843 (7th Cir. 2013); Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1166 (7th Cir. 1997) ("periods of limitations in federal statutes . . . are universally regarded as nonjurisdictional" (citing Central States, Southeast & Southwest Areas Pension Fund v. Navco, 3 F.3d 167, 173 (7th Cir. 1993), overruled on other grounds by Bay

---

[1]  Section 413(1) states:

   No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--

      (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

      (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation . . . .

   except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cali., 522 U.S. 192, 209 (1997)); see also Sebelius v. Auburn Reg'l Med. Center, 133 S. Ct. 817, 824 (2013) (holding that, absent a clear statement from Congress that a limitation is jurisdictional, "courts should treat the restriction as nonjurisdictional in character") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 515-16 (2006)).

ERISA section 413(1) is no exception to this general rule.  ERISA's text, the overall statutory context, and settled case law do not support the conclusion that Congress intended ERISA section 413(1)'s limitations period to be jurisdictional.  Miller, 738 F.3d at 844 ("[t]he Court's recent cases require a 'clear statement' or 'clear indication' from Congress before a statute prescribing a precondition to bringing suit will be construed as jurisdictional" (quoting Henderson v. Shinseki, 131 S.Ct. 1197, 1203 (2011))); accord Auburn Reg'l, 133 S. Ct. at 824. Furthermore, regardless of whether ERISA section 413(l) is a "statute of repose" and not subject to equitable tolling by a court, it is still subject to tolling by agreement and waiver of timeliness defenses.  Cf. Holland v. Florida, 560 U.S. 631, 645 (2010) ("'[T]he enactment of time-limitations periods . . . , without further elaboration, produces defenses that are nonjurisdictional and thus subject to waiver and forfeiture.'" (quoting Day v. McDonough, 547 U.S. 198, 213 (2006) (Scalia, J., dissenting))).  Consequently, ERISA's statute of limitations is a non-jurisdictional time limit that can be waived by contractual agreement.

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983); see also Kross v. Western Elec. Co., Inc., 701 F.2d 1238, 1242 (7th Cir. 1983) ("ERISA is a remedial statute to be liberally construed in favor of employee benefit fund participants"). Agreements to waive time limitations defenses like the three executed by Defendant in this case,

colloquially known as "tolling agreements," have been an integral part of enforcing ERISA for almost 40 years.  They give the parties time to gather more information, to negotiate settlements, and to avoid a rush to file possibly unecessary litigation.  They promote pre-litigation settlements and the pursuit of only well-supported claims by the Secretary after comprehensive pre-filing investigations.  Lacking any legal basis for Defendant's argument here that the agreements vouluntarily entered into by the parties are invalid, this Court should deny Defendant's motion to dismiss and allow the case to proceed to the merits.

## FACTUAL BACKGROUND

The Secretary's Complaint alleges that Defendant breached its fiduciary duties and committed prohibited transactions under ERISA sections 404 and 406, 29 U.S.C. §§ 1104 and 1106, by approving a purchase by the Miller's Health Systems, Inc. Employee Stock Ownership Trust ("Plan" or "ESOP") of Miller's Health Systems stock from the third-party defendant sellers at a price that significantly exceeded the value of the stock.  (See Compl. at ¶¶ 1, 7, Dkt. # 1.)  The stock purchase occurred on September 14, 2008.  (Compl. at ¶ 32, Dkt. # 1.)

Defendant signed three agreements with the Secretary (the original plus two extensions), to toll the limitations period in ERISA section 413(1) and to waive its timeliness defenses, in exchange for which the Secretrary agreed to forego suing Defendant for a period of time to allow the parties to exchange information and possibly settle the case.  (See Exhibits A, B, and C to Defendant's memo in support of its motion, Dkt. # 34, "WHEREAS, the parties to this Agreement desire to enter into an agreement tolling the statute of limitations [] in order to meet and exchange information and, if appropriate, to conduct negotiations with respect to the [Secretary's claims].")  There is no argument that Defendant did not sign these agreements knowingly and willingly.  Under the terms of the agreements (each entitled "AGREEMENT TO

TOLL THE RUNNING OF THE STATUTE OF LIMITATIONS"), Defendant agreed as the "Responding Party" that:

> The running of the statute of limitations contained in ERISA §413, 29 U.S.C. §1113, shall be tolled [between specified dates] with respect to any action brought by the Secretary under Title I of ERISA involving any of the acts or omissions described in paragraph 1, above.  As to any action intitated by the Secretary against the Responding Party [between specified dates] the Responding Party [subject to certain conditions not relevant here] shall not assert in any manner the defense of statute of limitations, the doctrines of waiver, laches, or estoppel, or any other matter constituting an avoidance of the Secretary's claims that is based on the time within which the Secretary commenced such action.

Despite voluntarily agreeing to toll the limitations period and receiving the benefits of that agreement on three separate occasions, Defendant now challenges the validity of its own agreements.  By this motion, it requests that this Court dismiss as untimely all claims in the Secretary's Complaint on the basis that the six-year limitations period set forth in ERISA section 413(1) is jurisdictional and cannot be tolled or waived under any circumstances, including by agreement of the parties.  Defendant's arguments lack merit and its duplicity should not be rewarded.[2]

## STANDARD FOR FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1)

In assessing a motion to dismiss for lack of subject-matter jurisdiction, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims."  Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999).  The Court must distinguish between true jurisdictional issues and other questions that are not appropriately tested

---

[2]  In Arroyo v. United States, 656 F.3d 663, 678-79 (7th Cir. 2011), the Seventh Circuit observed in passing that "[t]he doctrine of 'fraudulent concealment,' . . . tolls the statute of limitations during a period in which the defendant has taken steps to prevent the plaintiff from filing his complaint until the statute of limitations expires; he might for example have promised not to plead the statute of limitations while the parties were negotiating a possible settlement." (emphasis added).  The Secretary leaves for another day whether Defendant's behavior constitutes "fraud or concealment" for purposes of ERISA section 413.

through Rule 12(b)(1). See Begley v. Howmet Turbine Components Corp., No. S87-491, 1988 WL 114593, at *1 (N.D. Ind. Mar. 21, 1988). Normally, "[w]hen ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995). Where, however, "the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 947 (7th Cir. 2003).

## ARGUMENT

### A.   ERISA Section 413 Is Not Jurisdictional

The Supreme Court has repeatedly cautioned against imprecise use of the "jurisdictional" label, which "too easily can miss 'the "critical difference[s]" between true jurisdictional conditions and non-jurisdictional limitations on causes of action." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1244 (2010) (alteration in original; citation omitted); see Auburn Reg'l, 133 S. Ct. at 824 (reaffirming the Court's prior warnings against "profligate use of the term 'jurisdiction'"). To honor these critical differences, the Supreme Court has instructed courts and litigants to use the label "jurisdiction" only for "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick v. Ryan, 540 U.S. 443, 454-55 (2004).

To determine whether a statutory prescription is a jurisdictional limitation on a court's adjudicatory authority, courts "look to see if there is any 'clear' indication that Congress wanted the rule to be jurisdictional." Henderson v. Shinseki, 131 S. Ct. at 1203 (citation omitted). That clear indication, however, does not turn on Congress's use of "magic words." Henderson, 131 S.

Ct. at 1203; accord Auburn Reg'l, 133 S. Ct. at 824 ("We inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional" but do not require "magic words" to determine "whether Congress intended a particular provision to rank as jurisdictional." (citations omitted)). The Supreme Court has further explained that Congress's intent must be determined through traditional tools of statutory construction by examining the "text, context, and relevant historical treatment" of the statutory time limit's "legal character," Reed Elsevier, 559 U.S. at 166 (citation omitted), and "what they reveal about the purposes [the limitation] is designed to serve." Dolan v. United States, 130 S. Ct. 2533, 2538 (2010). Under these criteria, most limitations statutes are not jurisdictional.

In Navco, 3 F.3d at 173, the Seventh Circuit determined that the statute of limitations in ERISA section 4301(f), 29 U.S.C. § 1451(f), governing suits by multi-employer ERISA plans was not jurisdictional. Section 4301(f) contains wording nearly identical to ERISA section 413(1), stating: "An action under this section may not be brought after the later of – (1) 6 years after the date on which the cause of action arose . . . ." Citing Zipes v. Trans Work Airlines, Inc., 455 U.S. 385, 392-98 (1982), the Seventh Circuit stated that "periods of limitations in federal statutes – almost all of which establish rights 'unknown to the common law' – are universally regarded as non-jurisdictional." Navco, 3 F.3d at 173.

As previously cited supra, subsequent Seventh Circuit opinions have consistently held that statutes of limitation are non-jurisdictional in nature. See Miller, 738 F.3d at 843 ("As a general matter, limitations statutes setting deadlines for bringing suit in federal court are not jurisdictional"); Lawyers Title Ins. Corp., 118 F.3d at 1166 (7th Cir. 1997) (citing Navco and holding that "periods of limitations in federal statutes . . . are universally regarded as nonjurisdictional"). Consistent with that general principle and with Navco, in Librizzi v.

Children's Mem'l Med. Ctr., 134 F.3d 1302, 1307 (7th Cir. 1998), the Seventh Circuit clearly recognized in an ERISA breach of fiduciary duty case that ERISA's section 413 statute of limitations is subject to contractual waiver: "One common subject of pre-litigation negotiation is the statute of limitations; a potential defendant often will agree not to assert this defense, the better to continue the negotiations and resolve the dispute out of court." Cf. Doe v. Blue Cross & Blue Shield United of Wisc., 112 F.3d 869, 877 (7th Cir. 1997) (in the context of an ERISA claim for benefits, "the defendants offered the plaintiff a tolling agreement of indefinite duration but expiring when settlement negotiations finally broke down, and the plaintiff accepted, thereby binding the defendants."); Chao v. Linder, No. 05 Civ. 3812(JBM), 2007 WL 1655254 (N.D. Ill. May 31, 2007) (finding ERISA's six-year statute of limitations tolled by agreement between the Secretary and the defendants).

   The language, location, and overall statutory structure of ERISA section 413 further support the conclusion that the six-year limitations period in ERISA is not jurisdictional. The "no action may be commenced . . . six years after . . . the breach or violation" formulation of section 413(1) does not speak to the power of courts to entertain an ERISA enforcement action, but instead to a non-jurisdictional affirmative defense. See Holland, 130 S. Ct. at 2560 (explaining that 28 U.S.C. § 2244(d)'s one-year time limit for state prisoners to file habeas corpus petitions "does not set forth 'an inflexible rule requiring dismissal whenever its 'clock has run'" (quoting Day, 547 U.S. at 208)).[3] Whereas federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press," Henderson, 131 S. Ct. at 1202, non-jurisdictional time limits are generally "subject to rules of forfeiture and waiver." John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133 (2008); see Holland,

---

[3] 28 U.S.C. § 2244(d) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus."

560 U.S. at 631, 645 (2010) ("'the enactment of time-limitations periods . . . , without further elaboration, produces defenses that are nonjurisdictional and thus subject to waiver and forfeiture'" (quoting Day, 547 U.S. at 213 (Scalia, J., dissenting))).

The location of ERISA's statute of limitations section (section 413(1)) in one part of ERISA (part 4) and its jurisdictional provision (section 502(e)(1)) in a separate part of ERISA (part 5) counsels against imputing any congressional intent to impose a jurisdictional label on ERISA's limitations section.  As the Supreme Court stated, when analyzing the provisions of Title VII, "[t]he provision specifying the time for filing charges … appears as an entirely separate provision, and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." Zipes, 455 U.S. at 394.  Similarly, ERISA section 413(1) "'is located in a provision 'separate' from those granting federal courts subject-matter jurisdiction.'" Reed Elsevier, 559 U.S. at 164.  Section 413 is contained in one part of ERISA, part 4 (entitled "Fiduciary Responsibility") which sets forth the substantive fiduciary standards applicable to plan fiduciaries and makes them personally liable for any fiduciary breach or violation.  29 U.S.C. §§ 1101-09.  In contrast, ERISA's jurisdictional provisions are contained in ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1), a different part of ERISA, part 5 (entitled "Administration and Enforcement").

The overall statutory scheme of ERISA also supports the conclusion that section 413 is not jurisdictional.  As stated, section 413(l) is integral to part 4 of ERISA, which establishes the standards of fiduciary responsibility.  In addition to the time limits on claims under section 404 (29 U.S.C.§ 1104) for breaches of the general fiduciary duties of prudence and loyalty, section 413 also governs claims under section 406 (29 U.S.C. § 1106) for prohibited transactions.[4]

---

[4]  Both types of fiduciary breaches are asserted in this case.  (See Dkt. # 1 generally.)

Congress gave broad discretion to the Secretary in part 4 of ERISA to grant class and individual exemptions to otherwise prohibited transactions, which require, for certain transactions, notice in the Federal Register. 29 U.S.C. § 1108(a). This exemption process, which can be quite protracted, encompasses transactions that are already consummated for which individuals or the requesting class seek a retroactive exemption in order to avoid potential litigation with the Department. 29 C.F.R .§ 2570.35(a)(14). Granting the Secretary the power to negotiate exemptions through an extensive regulatory scheme itself suggests that Congress intended the Secretary (representing the Department acting in the public interest) and private parties to explore administrative solutions to violations without resorting to litigation and did not intend to subject claims of ERISA violations to absolute time deadlines for filing suit when the potential defendant agrees to waive the timeliness defense as part of a contractual tolling agreement.

The same Congressional intent to promote out-of-court resolution is reinforced by the Secretary's power to impose civil penalties on fiduciary violations, 29 U.S.C. § 1132(l)(1). ERISA's plain text contemplates the negotiation of "settlement agreement[s] with the Secretary" and an administrative application process to waive or reduce the penalty. 29 U.S.C. § 1132(l)(3). This emphasis on resolving claims without litigation is consistent with an interpretation of ERISA section 413 as a non-jurisdictional time limit for commencing civil actions with an intent to engender flexibility for parties to resolve their claims pre-litigation. Similarly, Congress intended the Secretary to engage in comprehensive pre-complaint investigations. See ERISA section 504, 29 U.S.C. § 1134 (authorizing investigations by the Secretary). Contractual tolling and waiver by agreement promotes pre-litigation settlements during these investigations and ensures the Secretary the flexibility to pursue in litigation only well-supported claims that cannot be resolved prior to litigation. In fact, in their waivers of timeliness defenses, Defendant

10

acknowledged a desire to toll the limitations period so as to have time to try and negotiate a resolution without litigation.  (Exhibits A, B, and C, Dkt. # 34) ("WHEREAS, the parties to this Agreement desire to enter into an agreement tolling the statute of limitations [] in order to meet and exchange information and, if appropriate, to conduct negotiations with respect to the [Secretary's claims] . . . .").[5]

Legislative history, although limited, also favors a non-jurisdictional holding.  Congress stated that "[t]he intent [of ERISA] . . . is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law or recovery of benefits due to participants."  H.R. Rep. No. 93-553 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4655; S. Rep. No. 93-127 (1974), reprinted in 1974 U.S.C.C.A.N. 4838, 4871 (emphasis added).  Defendant's argument is contrary to this general intent; Defendant asks this Court to implausibly infer that Congress had purportedly removed jurisdictional obstacles to ERISA suits only to then turn around and substitute a jurisdictional obstacle in the form of a six-year time limit.

Thus, nothing in the text, context, or history of section 413(1) evinces any Congressional intent to make it jurisdictional.  Indeed, there is no indication that Congress intended ERISA section 413(1) to do anything more than "protect defendants against stale or unduly delayed

---

[5]  The potential for parallel civil and criminal investigations and proceedings under ERISA also counsels in favor of the conclusion that the section 413(1) six-year limitations period is non-jurisdictional.  See 29 U.S.C. §§ 1131 (criminal penalties) and 1132 (civil enforcement). Although civil cases can be filed and then stayed when there is a parallel criminal proceeding, there are many instances in which a civil complaint never needs to be filed and a criminal case resolves all outstanding issues.  Being denied the ability to toll the statute of limitations in civil actions such as this one will result in the unnecessary filing of cases (because of the filing of parallel criminal proceedings) and in those cases sitting for a prolonged period, which is often years, on court dockets before discovery even begins (as a result of the usual stay imposed in parallel civil proceedings).

claims" brought in litigation they had no role in forestalling.  Credit Suisse Sec. (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1420 (2012) (plurality decision); see also John R. Sand & Gravel Co., 552 U.S. at 133 ("Most statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims. . . .  Thus, the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver.") (citations omitted; emphasis added); see Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations.").

     The logic is simple:  litigation is not "unduly delayed," and no prejudice to the parties transpires, when a putative defendant knows that a claim that it violated the law is being investigated and a lawsuit may be forthcoming and willingly agrees to waive any limitations defense.  Tolling the limitations period by agreement permits the defendant to engage the putative plaintiff in settlement discussions and to have the opportunity to ward off the suit altogether.  Accordingly, there is no reason, legal or policy-based, why a court should read into ERISA a jurisdictional bar on tolling agreements, which effectively extend the time (by a defendant's waiver of timeliness defenses) before the Secretary (or a private plaintiff) must bring suit, potentially avoiding unnecessary litigation.  See Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S. Ct. 604, 611 (2013) (noting the general rule that parties "are permitted to contract around a default statute of limitations").  Certainly, the interest of judicial economy militates in favor of courts allowing the parties to try to settle claims without requiring one party to file suit prematurely to avoid an absolute jurisdictional bar on bringing suit.

      **B.**    <u>Defendant's Argument that Section 413(1) Is Jurisdictional Is Erroneously Based on Wolin v. Smith Barney and Harris v. Bruister</u>

Contrary to Defendant's assertion, the Seventh Circuit's opinion in <u>Wolin v. Smith Barney, Inc.</u>, 83 F.3d 847 (7th Cir. 1996), overruled on other grounds by <u>Klehr v. A.O. Smith Corp.</u>, 521 U.S. 179, 194 (1997), is inapposite to this case. Regarding the six-year statute of limitations, the court addressed only whether "fraudulent concealment" falling within the "fraud or concealment" exception to section 413(1) had been established by the plaintiffs and held that "there was no fraudulent concealment here . . . ." <u>Wolin</u>, 83 F.3d at 855. Thus, it did not hold, as argued by Defendant, that "ERISA § 413 is not subject to tolling except in the presence of fraud or concealment." (Def" Mem., pp. 6-7, Dkt. # 34). Instead, it merely stated that "plaintiffs have not argued equitable estoppel [but only] fraudulent concealment." <u>Wolin</u>, 83 F.3d at 855. The court, therefore, considered any estoppel argument to have been waived and declined to address whether "a defense of equitable estoppel distinct from fraudulent concealment might have merit." <u>Id.</u> at 856. If the court thought section 413 were jurisdictional, it would not have considered equitable estoppel as a waivable defense, or, for that matter, considered equitable estoppel to be a possible defense available to the plaintiffs. Moreover, the court did not at all consider the issue in this case – the enforceability of contractual agreements to waive the limitations defense by the defendant. It seems inconceivable, however, that the same court that considered an equitable defense to have been waived would, under similar circumstances, refuse to give effect to the defendant's pre-litigation contractual waiver of the limitations defense.

      Similarly, contrary to Defendant's assertions (Dkt. #34 at pp. 7-8) and the district court's non-final decision in <u>Bruister</u>, the Fifth Circuit's <u>Radford</u> decision did not hold that ERISA's six-year limitations period is jurisdictional. <u>Radford v. Gen. Dynamics Corp.</u>, 151 F.3d 396 (5th Cir. 1998). In <u>Radford</u>, the court did not characterize the ERISA six-year limitations period as

jurisdictional and did not express any opinion on whether that limitations period could be tolled by agreement of the parties. Radford, 151 F.3d at 400. Radford held only: (1) that ERISA's six-year limitations provision is a statute of repose; and (2) that courts cannot equitably toll that six-year limitations provision. Significantly, Radford neither held that the six-year period poses an "absolute barrier" to a suit made timely by an agreement to toll that period, nor that a court would lack the power to decide claims brought pursuant to such a contractual agreement. Consequently, Defendant's and the Bruister court's conflation of "repose" and "jurisdiction" is neither an accurate nor a necessary reading of Radford, which did not address either section 413(1) in jurisdictional terms or its effect on contractual tolling agreements.[6]

### C. Defendant's Argument that the Section 413(1) Limitations Defense Cannot Be Waived by Contractual Agreement Is Incorrect

The law in this Circuit, and generally, is that statutes of repose in particular, and statutes of limitations in general, are "normally waivable." Liss v. Levin, 201 F.3d 848, 850 (7th Cir. 2000), abrogated on other grounds by Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002). Waivers of timeliness defenses or agreements to toll are long-recognized in the common law. See, e.g., United States v. Buford, 28 U.S. 12, 13 (1830) ("the statute of limitations will bar a recovery of this claim, unless . . . , by some promise or agreement between [the parties], the statute has been waived"); see generally 51 Am.Jur.2d Limitations of Actions § 79 (2011); Heimeshoff, 134 S. Ct. at 611 (noting the general rule that parties "are permitted to contract around a default statute of limitations").

---

[6] In dicta in Archer v. Nissan Motor Acceptance Corp., 550 F.3d 506 (5th Cir. 2008), the Fifth Circuit, in the context of deciding a case under a different statute, passingly treated Radford's discussion of "repose" as a "jurisdictional" finding without acknowledging that Radford did not address ERISA section 413 in jurisdictional terms or foreclose contractual waiver agreements. This dictum lacks a cogent rationale and should not be considered binding precedent in the Fifth Circuit, much less elsewhere.

The background principle permitting waivers does not distinguish between ordinary statutes of limitations and statutes of repose. "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" Kontrick, 540 U.S. at 458 n. 13 (2004) (citation omitted).[7] In this regard, it makes no difference whether ERISA's six-year limit may be considered a statute of repose. Indeed, the Supreme Court has never equated statutes of repose, including those that are part of a two-tier structure like ERISA's section 413(1) and (2), see n. 1 supra, with jurisdictional status. Generally, in these two-tiered provisions, plaintiffs are limited by a longer statute of repose tied to an event (e.g., breach of statute), which is then shortened to an alternative statute of limitations based on the plaintiff's discovery of a violation.

The cases cited in Bruister and by Defendant, such as Lampf, Pleva, Lipkind, Prupis & Pettigrow v. Gilbertson, 501 U.S. 350, 363 (1991) and its progeny, neither held nor discussed whether any time bar was jurisdictional. Similarly, jurisdiction was likewise not discussed in Credit Suisse, 132 S. Ct. at 1421, where the Supreme Court recently divided 4-4 on whether a statute of repose could be equitably tolled. Arguments about the jurisdictional nature of section 413(1), therefore, are inconsistent with the reasoning (if not the implicit holdings) of Lampf and Credit Suisse, which would not have needed to reach the issue of the availability of equitable tolling if the Supreme Court had considered the statutes of repose in those cases to be jurisdictional. See Auburn Reg'l, 133 S. Ct. at 825 (if a statute is "'jurisdictional' . . . there [could] be no equitable tolling").

Accordingly, this Court has the subject-matter jurisdiction necessary to enforce the waiver provisions in the tolling agreements between the Secretary and Defendant and to

---

[7] As a general principle, waiver of personal rights, even rights of a constitutional dimension, is well established. E.g., Johnson v. Zerbst, 304 U.S. 458, 465 (1938) (waiver of right to counsel). A right personal to the holder does not affect the power of the courts, since a holder of that right can always waive that right.

adjudicate the Secretary's claims on their merits.  Subject-matter jurisdiction exists in this case pursuant to ERISA section 502(e)(1), 29 U.S.C. §1132(e)(1), which provides, in relevant part, that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary."  The Secretary has pled no other basis for subject matter jurisdiction in his complaint.  (See Dkt. #1, ¶ 9.)  There simply is nothing in the text, context, or legislative history of ERISA section 413 or in the controlling case law to support Defendant's novel, sweeping, and entirely baseless argument that its knowing and voluntary waiver of any timeliness defense in this litigation is unenforceable because section 413(1) has deprived the Court of jurisdiction to enforce the waiver or hear the case.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied.

Respectfully submitted:

M. PATRICIA SMITH
Solicitor of Labor

G. WILLIAM SCOTT
Acting Associate Solicitor
Plan Benefits Security Division

CHRIS HERI
Regional Solicitor, Chicago

MICHAEL SCHLOSS
Counsel for Financial Litigation
Plan Benefits Security Division


Dated:   ____June 5, 2014_____        s/   Glenn M. Loos_____
GLENN M. LOOS
Senior Trial Attorney, PBSD
MICHAEL R. HARTMAN
Trial Attorney, PBSD
BRUCE CANETTI
Trial Attorney
Chicago RSOL
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, D.C.  20013
(202) 693-5767
loos.glenn@dol.gov
(202) 693-5803
hartman.michael@dol.gov
(312) 353-3271
canetti.bruce@dol.gov

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Secretary of Labor's Memorandum of Law in Opposition to Defendant PBI Bank, Inc.'s Motion to Dismiss in the above-captioned case was served on counsel of record via the court's ECF system.

                                          s/  Glenn M. Loos
                                          GLENN M. LOOS