# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:13CV1400 PPS ) |
| PBI BANK, INC., and THE MILLER'S HEALTH SYSTEMS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | ) ) ) ) ) ) |
| Defendant. | ) ) |
| PBI BANK, INC., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| THE MILLER'S HEALTH SYSTEMS, INC., V. RICHARD MILLER, R. JAMES MILLER, BEVERLY MILLER, BARBARA MILLER, LORI HAUG and PATRICK BOYLE, | ) ) ) ) ) ) |
| Third-Party Defendant. | ) |

## **OPINION AND ORDER**

The U.S. Department of Labor brings this action against PBI Bank, alleging that the Bank violated the Employee Retirement Income Security Act by its actions as the Trustee of the Employee Stock Ownership Plan of The Miller's Health Systems, Inc. The Plan is also named as a defendant in the complaint, but in essence is the victim of the Bank's alleged wrongdoing and the intended beneficiary of this lawsuit. The complaint

alleges that on behalf of the Plan, the Bank overpaid for company stock at a price of $40 million based on an inflated valuation far above the stock's fair market value, and approved financing for the purchase at an excessive interest rate. These and other actions by the Bank as the Plan's Trustee are alleged to have violated the Bank's duties of loyalty and prudence, and its duty not to cause the Plan to engage in transactions prohibited by ERISA.

The Bank has in turn filed a third-party complaint for indemnification and contribution against the company and six individuals "each of whom was either a seller of stock to the ESOP or a recipient of other compensation or consideration in the transactions complained of in the Department of Labor's complaint, while at the same time serving as members of the Board of Directors of Miller's Health." [DE 14 at ¶10.] Now before me are motions to dismiss both complaints.

## Timeliness of the Complaint

The Bank moves to dismiss the Department of Labor's complaint on the ground that it wasn't filed within ERISA's six year statute of repose, found in 29 U.S.C. §1113 (§413 of ERISA). The statute provides that no action can be commenced with respect to an ERISA fiduciary's breach of any duty more than six years after the last action constituting a part of the breach (subsection (1)), or more three years after "the earliest date on which the plaintiff had actual knowledge of the breach or violation" (subsection (2)), whichever is earlier.

At the outset, I note that the Bank characterizes its motion as one under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Whether this is the correct designation is at the fulcrum of my decision. Subject matter jurisdiction speaks to the power of the court to act. The Supreme Court has noted that "time prescriptions, however emphatic, are not properly typed jurisdictional." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) (internal quotations omitted). *Arbaugh* acknowledges that even the Supreme Court itself has sometimes used the term "jurisdiction" in a sloppy and careless way. Justice Ginsburg describes the Court as "profligate in its use of the term." *Id. See also Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) (discussing confusion caused by calling time limits "jurisdictional").

The Seventh Circuit has clearly held that "limitations statutes setting deadlines for bringing suit in federal court are not jurisdictional." *Miller v. Federal Deposit Ins. Corp.*, 738 F.3d 836, 843 (7th Cir. 2013); *Lawyers title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166 (7th Cir. 1997). So when a case is dismissed based on a statute of limitations, that is a dismissal on the merits under Rule 12(b)(6). *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2012). But what about dismissals based on a statute of repose? Are they any different than statutes of limitations? From a jurisdictional point of view, the answer is no. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 638 (7th Cir. 2008), holds that a dismissal of a case based on a statute of repose is a not dismissal for want of jurisdiction; instead, it is a dismissal on the merits. Although *Doss* was a case under the Truth in Lending Act, it is a difficult to see why the analysis under the ERISA repose

3

provision would be any different especially given the similarity between the limitations language in the ERISA and TILA statutes.[1] In holding that TILA's statute of repose does not divest the court of subject matter jurisdiction the Seventh Circuit, quoting *Bell v. Hood*, 327 U.S. 678 (1946), reminded us of some rather basic principles:

> [It] is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.

*Doss*, 551 F.3d at 638, quoting *Bell,* 327 U.S. at 682. *See also Steel Co. v. Citizens For a Better Environment*, 523 U.S. 83, 89 (1996).

What all this means is that when a party seeks dismissal of a lawsuit based on a statute of repose, it is seeking a judgment on the merits which necessarily involves the power of the court to decide the matter in the first place. *See e.g. In re Hunter*, 400 B.R. 651, 661 (Bankr.N.D.Ill. 2009) (observing that *Doss* held that repose does not present a question of subject matter jurisdiction).

The entire structure of ERISA supports the conclusion that the repose provision at issue here is not a jurisdictional bar, but rather operates as a defense to an action. The place to start of course is the statute itself. The Supreme Court has made it plain that

---

[1] Under TILA the right being conferred by that statute "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first . . ." 15 U.S.C. § 1635(f). Under ERISA, as noted above, breach of fiduciary duty claims must commence within "six years after (A) the date of the last action which constituted a part of the breach or violation or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation. . ." 29 U.S.C. § 1113.

4

courts must "look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Henderson v. Shinseki*, 131 S.Ct. 1197, 1203 (2011) (citations omitted). What this means is that Congress must clearly make it known that the particular provision "rank(s) as jurisdictional." *Sebelius v. Auburn Regional Medical Center*, 133 S.Ct. 817, 824 (2013). If Congress has not spoken clearly on the issue, then "courts should treat the restriction as nonjurisdictional in character." *Id.* (internal citations and quotations omitted).

In reviewing the overall structure of ERISA, I am persuaded that Congress has not spoken so clearly that the limitations provision in 29 U.S.C. § 1113 must be deemed jurisdictional. Indeed, the scope of the statute suggests otherwise. As the DOL persuasively points out, ERISA is broken down into several parts. The jurisdictional provisions of ERISA are contained in part 5 of ERISA, in particular in §502(e)(1). The limitation provision at issue here is in part 4 of ERISA — §413(1) to be precise, which is titled "Fiduciary Responsibility." Under these circumstances, it's far from clear to me that Congress intended the provision at issue here to be jurisdictional. *See, e.g., Zipes v. Trans World Airlines*, 455 U.S. 385 , 394 (1982). And unless the matter is "clear" I am — as I just noted— to "treat the restriction as nonjurisdictional in character." *Auburn Regional*, 133 S.Ct. at 824.

The Bank relies on a district court decision from Mississippi, holding that a tolling agreement with the Department of Labor could not stave off the drop-dead six year limit of §1113(1) as a statute of repose. *Harris v. Bruister*, \_\_ F.Supp.2d \_\_, 2013

5

WL 6805155 (S.D.Miss. 2013). First, it's worth pointing out the procedural posture of *Bruister.* The matter was before the court on summary judgment. But more to the point, *Bruister* is based on the premise that ERISA's statute of repose operates as a jurisdictional bar and, as a result, held that estoppel can't apply because the parties' consent "[cannot] remedy a constitutional deficiency in the Court's jurisdiction." *Id*. at *6.

But as I have already indicated, the structure of the ERISA statute makes it clear that §1113(1) is not a jurisdictional provision. And caselaw from the Seventh Circuit suggests more broadly that statutes of repose do not divest me of jurisdiction; they are instead a merits-based defense to an action. Because I conclude that ERISA's repose provision does not divest me of jurisdiction but is rather a decision to be made on the merits, the case cannot be dismissed under Rule 12(b)(1).

So my jurisdiction to decide the matter is secure, but that is not the end of the inquiry. The question remains whether the six year limitation period in ERISA bars this case. The DOL and the Bank agreed in writing to three extensions of the limitations period applicable to any suit brought by the DOL against the Bank. Each document is titled "Agreement to Toll the Running of the Statute of Limitations." The DOL relies on these multiple agreements to defeat the Bank's motion to dismiss. The Bank contends that those agreements don't mean a thing because what is at issue here is a statute of repose, not a statute of limitations, and "[s]tatutes of limitations, but not statutes of repose, are subject to equitable tolling." *CTS Corporation v. Waldburger,* 134 S.Ct. 2175,

2183 (2014).  A statute of repose provides a distinct cut-off, "in essence an 'absolute...bar' on a defendant's temporal liability."  *Id.*, quoting *C.J.S.* §7, at 24.  *See also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (in a federal securities law context, a statute of repose is inconsistent with tolling, and tolling principles do not apply to a limitation clearly intended to serve as a cutoff).

Relevant to determining whether a particular provision is a statute of repose or of limitations, one distinction between the two kinds of statutes is the triggering event.  A statute of limitations ordinarily runs from the date on which the claim accrues, usually when the injury occurred or was discovered.  *CTS Corporation,* 134 S.Ct. at 2182, quoting *Black's Law Dictionary* 1546 (9th ed. 2009).  The language of §1113(2) is of this sort: "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation."  By contrast, a statute of repose "puts an outer limit on the right to bring a civil action...measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *CTS Corporation*, 134 S.Ct. at 2182.  That sounds like subsection (1) of §1113: "six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation."

The six-year limit set out in §1113(1) appears to be a statute of repose.  And although equitable tolling based on circumstances beyond the plaintiff's control will not defeat a statute of repose, what about the doctrine of estoppel? The Bank cites *Wolin v.*

7

*Smith Barney Inc.*, 83 F.3d 847 (7th Cir. 1996),[2] for the proposition that §1113 is not subject to "the judge-made doctrine of equitable tolling." *Wolin*, 83 F.3d at 855. But *Wolin* actually cuts the other way. It certainly doesn't rule out the possibility that a tolling agreement would wipe out the otherwise limiting effect of the statute. Indeed, the opinion briefly notes that a promise "not to the plead the statute of limitations" could be a ground for equitable estoppel, which the court says it "need not decide, because the plaintiffs have not argued equitable estoppel." *Id.*

Moreover, decisions from the Seventh Circuit are not conclusive on the availability of estoppel or waiver or forfeiture to defeat the effect of a statute of repose, with more recent decisions appearing to countenance those possibilities. For example, earlier this year in *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014), the court considered an Illinois statute of repose and its application to a plaintiff's claims for alleged childhood sexual abuse by Catholic priests and other church employees. The plaintiff argued that the statute of repose should not apply due to estoppel and waiver. Instead of saying that statutes of repose are not subject to these equitable concepts, the Seventh Circuit analyzed both arguments and found that Anderson's estoppel and waiver arguments didn't work on the facts of that case. Such an analysis would have been entirely unnecessary if estoppel and waiver were unavailable in response to a statute of repose defense. *Id.* at 651-52.

---

[2] Overruled on other grounds by *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 194 (1997).

Likewise, in *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013), the Seventh Circuit considered whether a statute of repose applied to a medical malpractice claim brought under the Federal Tort Claims Act against the VA. The plaintiff urged an estoppel based on letters from the Department of Veterans Affairs that he said lulled him into believing he could delay his filing. The court said that "[a]s a general matter, equitable estoppel does not apply to statutes of repose." *Id.* at 755, citing *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011). But as in the *Anderson* case, the plaintiff ultimately lost the estoppel argument on the facts, rather than because estoppel is generally unavailable against a statute of repose. *Augutis*, 732 F.3d at 755.

*McCann* is a case under federal securities law in which the Seventh Circuit considered whether a provision of that law is a statute of limitations or a statute of repose, and discussed some of the differences between the two. "A statute of repose is strong medicine, precluding as it does even meritorious suits because of delay for which the plaintiff is not responsible." *McCann*, 663 F.3d at 930. Citing a 1990 Seventh Circuit decision, the court noted that both equitable estoppel and equitable tolling doctrines apply to federal statutes of limitations, but "'neither tolling doctrine applies to statutes of repose; their very purpose is to set an outer limit unaffected by what the plaintiff knows.'" *Id.*, quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). But as I noted earlier, three years after *McCann*, the Seventh Circuit in *Anderson* did not appear to categorically rule out the potential applicability of estoppel or waiver arguments against a statute of repose. And the Seventh Circuit has at least once

9

categorically said of statutes of limitations and statutes of repose that "[b]oth normally are waivable." *J.E. Liss & Company v. Levin*, 201 F.3d 848, (7th Cir. 2000), abrogated on other grounds by *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002).

So the cases seem to go both ways but for the time being I can set the matter aside because the Bank's entire argument is based on the flawed premise that ERISA's statute of repose robs me of subject matter jurisdiction. I don't buy the premise, and so on that basis alone, the motion to dismiss is denied. Whether a statute of repose is ever subject to tolling principles or other equitable remedies – and if so, whether those principles apply here – is an issue I need not decide at this time. The present motion is not brought under Rule 12(b)(6) so there is no need to decide the issue at present. At the summary judgment stage of the case, the parties can more fully explore the potential distinctions between various types of estoppel, waiver, and forfeiture and whether those theories are available in the face of ERISA's statute of repose. For now, it is enough to say that because the Bank has moved to dismiss for lack of jurisdiction under Rule 12(b)(1), and not for failure to state claim under Rule 12(b)(6), the motion must be denied.

## **Motion to Dismiss Third-Party Complaint**

The company and the six members of its Board of Directors have moved to dismiss or for judgment on the pleadings with respect to the Bank's third-party complaint against them. The company argues that the indemnification claim (Count I of the third-party complaint) is barred by the Bank's contract with the company and by

ERISA itself. The Engagement Letter by which the company engaged the Bank's predecessor's services as the Plan's Trustee provided, in effect, that there would be no indemnification for the Trustee's failures to perform its duties in compliance with ERISA. [DE 14-1 at 6.] And the company further points to §410(a) of ERISA (29 U.S.C. §1110(a)), which provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy."

The fact that the language of the Engagement Letter limits indemnification to situations where those accused of misconduct are vindicated is what permits the indemnification clause to be enforceable. In effect, the parties' indemnification provision applies only if the Bank is found *not* to have failed to perform its fiduciary duties as ERISA requires, and it's just such a *non-exculpatory* indemnification provision that §410(a) has been held to permit. "How could anyone take seriously the proposition that ERISA forbids the indemnification of fiduciaries *wrongly* accused of misconduct, when ERISA itself allows a court to award fees to the prevailing side?" *Packer Engineering, Inc. v. Kratville,* 965 F.2d 174, 176 (7th Cir. 1992).

"Shortly after ERISA's enactment, DOL issued an interpretive bulletin emphasizing that §401(a) bans any arrangement for the indemnification of a plan fiduciary by a plan but that it does not ban indemnity agreements which do not relieve a fiduciary of responsibility or liability." 1 Lee T. Polk, *ERISA Practice and Litigation* §6:7 (2014). In other words, although "§410(a) nullifies any provision indemnifying a

11

pension fiduciary who has been found liable," a fiduciary can be indemnified where it succeeds in defending itself against claims of breach of its fiduciary duties. *Id*. at 175. The company's and board members' challenge to the indemnification claim fails.

The board members argue that the contribution and equitable reformation claims against them in Count II are barred by ERISA's six-year statute of repose. In response, the Bank expressly acknowledges that the claims "were filed after the six-year statute of repose in Section 413." [DE 48 at 11.] But the Bank argues that either of two possible scenarios might save Count II from being time-barred. The first is "if discovery reveals some or all of the Board Members entered a tolling agreement with the Secretary." *Id*. The second is that if discovery reveals facts supporting either "fraud or concealment" the statute extends the limitations period to six years "after the date of discovery of such breach or violation."

So the Bank suggests that it's too soon to know for sure what the deadline for filing was because discovery might flesh out an extension due to fraud by or concealment of the board members' breach of fiduciary duty. The board members reply that the Bank has failed in its third-party complaint to plead any facts about any tolling agreement executed by the board members or any facts supporting fraud or concealment that would extend the limitations period. But there was no burden on the Bank to plead such matters in anticipation of their potential ramifications for the statute of limitations.

12

The Seventh Circuit has made it plain that dismissal under Fed.R.Civ.P. 12(b)(6) on statute of limitations grounds is "irregular" because the statute of limitations is an affirmative defense and complaints "need not anticipate and attempt to plead around defenses." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). *See also Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ["A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses."] Only where the complaint can be said to plainly reveal that the action is untimely should a motion to dismiss be granted on limitations grounds. *Id*. at 934. Given the existence of possible exceptions to the six-year limitation of §1113, discussed both here and above concerning the tolling agreements between the Department of Labor and the Bank, I am not persuaded that at this juncture the Bank's contribution claim should be dismissed as untimely.

Next the board members argue that district courts in the Seventh Circuit have held that ERISA does not provide a claim for contribution between co-fiduciaries. That is an oversimplification of the jurisprudence on this subject. Some district courts have so held, and some have not. And the movants here overlook what the Seventh Circuit has had to say. Here's the history. Back in 1984, the Seventh Circuit determined that an ERISA fiduciary at fault for passive nonfeasance could seek indemnification from another more blameworthy fiduciary. *Free v. Briody*, 732 F.2d 1331 (7th Cir. 1984). In the "limited circumstances" of that case, the court held that indemnification fashioned to

13

protect the plan beneficiaries was within the court's equitable powers under ERISA. *Id.* at 1337-38. Earlier the Seventh Circuit had also said in dicta that a "fiduciary may seek indemnification or contribution from co-fiduciaries in accordance with 29 U.S.C. §1105(a)." *Alton Memorial Hosp. v. Metropolitan Life Ins. Co.* 656 F.2d 245, 250 (7th Cir. 1981). So these decisions clearly suggested that contribution or indemnification between fiduciaries was possible under ERISA.

Subsequently in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985), the Supreme Court held in a different ERISA context that ERISA remedies should generally be limited to the statute's comprehensive enforcement scheme and reserved for the plan itself. Post-*Russell* the Seventh Circuit has not revisited the question whether ERISA contains an implied right of indemnification between fiduciaries, but the district courts in the circuit have split over the question as some have found that the reasoning in *Russell* "severely undercuts the holding of *Free*." *BP Corporation North America Ins. Savings Plan Investment Oversight Committee v. Northern Trust Investments, N.A.*, 692 F.Supp.2d 980, 984 (N.D.Ill. 2010).

Because the Seventh Circuit has never reconsidered its expressed views, I would not dismiss facially plausible claims based on a presumption about the Seventh Circuit revising its stance. This district court can't overturn the Seventh Circuit's precedent in *Free*, so I won't on this motion to dismiss make a determination that the indemnification claim is not viable. *Leimkuehler v. American United Life Ins. Co.*, 2011 WL 1565887, *3 (S.D.Ind. Apr. 25, 2011) [declining to declare *Free* invalid; it remains binding precedent

"because it is directly on point and none of the Supreme Court cases the Trustee has cited specifically address contribution and indemnity rights"]. Furthermore, the argument appears to have been abandoned by the board members as it does not appear in their reply [DE 49].

Equitable reformation is only vaguely touched upon in the pleading of Count II of the third-party complaint. After asserting that the board members as co-fiduciaries are liable for contribution for any losses sustained by the Plan as a result of breaches of fiduciary duty, Count II merely says that "any damages...suffered by [the Plan] should be addressed by equitable reformation of the Purchase transaction and related agreements." [DE 14 at ¶54.] The board members argue that this language is insufficient to plead a viable claim for equitable reformation because the "Bank does not seek to equitably reform any plan language as contrary to the parties' expectations." [DE 41 at 12.] Instead, Count II literally contemplates reformation of the Plan's purchase of the company's shares, rather than reformation of Plan documents. Neither the Bank's opposition nor the board members' reply addresses this argument any further.

The Seventh Circuit has concluded "that ERISA §502(a)(3) authorizes equitable reformation of a plan that is shown, by clear and convincing evidence, to contain a scrivener's error that does not reflect participants' reasonable expectations of benefits." *Young v. Verozon's Bell Atlantic Cash Balance Plan*, 615 F.3d 808, 820 (7th Cir. 2010). The equitable rationale under the ERISA civil enforcement statute is understandably (even

15

necessarily) focused on the ERISA plan in question, rather than other transactions even if related to it. The idea is that equitable reformation is available to avoid "enforc[ing] erroneous plan terms" and correct "[d]rafting mistakes in ERISA plans," not to reach beyond and behind the Plan to the underlying sale of shares to the ESOP. *Id*. at 820-21. To the extent Count II attempts an equitable reformation claim, no plausible such claim is stated because the relief requested is not of the sort available by such a claim. The motion to dismiss will be granted as to the equitable reformation claim, which will be dismissed without prejudice.

ACCORDINGLY:

Defendant PBI Bank, Inc's Motion to Dismiss [DE 33] is DENIED.

Third-Party Defendants' Motion to Dismiss [DE 40] is GRANTED in part to the extent that Count II of the third-party complaint attempts a claim for equitable reformation but is otherwise DENIED.

SO ORDERED.

ENTERED: November 20, 2014.

                                                       /s/ Philip P. Simon
                                                     PHILIP P. SIMON, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT