UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor,<br><br>   Plaintiff,<br><br>v.<br><br>PBI BANK, INC. and THE MILLER'S HEALTH SYSTEMS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>   Defendants<br><br>PBI BANK, INC.,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>THE MILLER'S HEALTH SYSTEMS, INC., V. RICHARD MILLER, R. JAMES MILLER, BEVERLY MILLER, BARBARA MILLER, LORI HAUG and PATRICK BOYLE,<br><br>   Third-Party Defendants. | CASE NO. 3:13-CV-1400-PPS-CAN |

AGREED ORDER and JUDGMENT

All parties hereto have agreed to settle the matters in controversy in this civil action and

agree to the entry of this Agreed Order and Judgment ("Agreed Order") in accordance herewith:

A.      Thomas E. Perez, the Secretary of the United States Department of Labor (the

"Secretary") filed his complaint against PBI Bank, Inc. ("PBI") and The Miller's Health Systems,

Inc. Employee Stock Ownership Plan (the "ESOP" or the "Plan") on December 26, 2013,

pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1001 et seq., as amended, wherein the Secretary alleged that PBI violated provisions of

ERISA while acting as a fiduciary to the ESOP, which is an employee benefit plan subject to the coverage of ERISA.  After the Secretary filed his complaint against PBI, Horizon Trust & Investment Management ("Horizon") was engaged to be PBI's successor as the ESOP's trustee.

B.      On March 31, 2014, PBI filed its Answer responding to the allegations of the Secretary's Complaint.  On April 10, 2014, PBI filed a Third-Party Complaint against  Miller's Health Systems, Inc. ("Miller's Health" or the "Company"), V. Richard Miller, R. James Miller, Beverly Miller, Barbara Miller, Lori Haug, and Patrick Boyle (collectively, the "Third-Party Defendants").  On January 13, 2015, Third-Party Defendants filed their Answer responding to the allegations of PBI's Third-Party Complaint.

C.      Upon consideration of the record, and as agreed to by all parties hereto, the Court finds that it has jurisdiction over the parties and the subject matter of this civil action.

D.      All parties hereto have negotiated and agreed to settle all claims and issues between them arising from the matters alleged in the Secretary's Complaint and PBI's Third-Party Complaint without trial or adjudication of any issue of fact or law raised in the Secretary's Complaint and PBI's Third-Party Complaint.

E.      All parties hereto represent to the Court that this Agreed Order is the sole and complete agreement negotiated between the Secretary and the other parties.

F.      All parties hereto expressly waive findings of fact and conclusions of law and consent to the entry of this Agreed Order as a final judgment of the claims raised in the Secretary's Complaint and PBI's Third-Party Complaint.

G.      All parties hereto expressly acknowledge and represent that they have read this Agreed Order and understand its provisions, and each of the undersigned attorneys expressly acknowledges and represents that he or she is authorized and empowered to execute this Agreed

Order on behalf of the party represented and that each of the undersigned attorneys has fully

disclosed any conflicts of interest relating to their representation for purposes of executing this

Agreed Order.

       H.      PBI waives all notice under ERISA § 502(l), 29 U.S.C. § 1132(l), in connection

with the settlement and waives the service requirement of 29 C.F.R. § 2570.83.

       ACCORDINGLY, it is hereby ORDERED and ADJUDGED that:

       1.      The Court has jurisdiction over all parties to this Agreed Order and subject matter

of this action and is empowered to provide the relief herein.

       2.      Within ten (10) days after entry of this Agreed Order, PBI shall pay, or cause to

be paid on its behalf, the gross sum of $1,250,000.00, as follows:

          a)      PBI shall pay $1,052,613.64 to the ESOP;

          b)      PBI shall pay $83,750.00 to Miller's Health; and

          c)      PBI shall pay $113,636.36 to the United States Department of Labor to
                    settle the Secretary's claim for penalties under ERISA § 502(l).

       3.      The payment described in Paragraph 2(c) above shall be paid via regular mail to

the following address:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA  19176-1360

The check will be made payable to the United States Department of Labor and will reference

EBSA Case No. 50-029934(48).

       4.      The payment to the ESOP required by this Agreed Order is for the sole benefit of

ESOP participants whose accounts were allocated shares between September 14, 2007, and the

date of entry of this Agreed Order.  The trustee of the ESOP shall allocate the payments required

by this Agreed Order to each participant in the ESOP in proportion to the number of shares that

were released from the ESOP suspense account and allocated to each participant between September 14, 2007, and the date of entry of the Agreed Order EXCEPT that none of the Third-Party Defendants in the current action shall receive any allocation required by this Agreed Order.  To enable the trustee of the ESOP to fulfill its payment allocation obligations under this paragraph of the Agreed Order, the trustee will obtain from Miller's Health (or its record keeper for the ESOP) the required allocation calculation.  These payments shall not replace or be paid in lieu of a contribution to the ESOP by Miller's Health for any plan year.

5.      PBI shall provide documentary evidence of the above payments to the Secretary within ten (10) days of payment.

6.      PBI provided documents to the Secretary showing that the stock voting agreement dated September 14, 2007, by and between Miller's Health and its trustee (the "Stock Voting Agreement") has been terminated and voided.

7.      Neither PBI nor any insurer acting on its behalf, shall seek or receive indemnification from Miller's Health or from the ESOP for any payment required by Paragraph 2 of this Agreed Order or for any other amounts including, but not limited to, attorney's fees, costs and expenses relating to the Secretary's Complaint, PBI's Third-Party Complaint and any litigation, investigation or other activity related thereto.

8.      Except as set forth below, PBI is hereby enjoined and restrained from serving as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.  Specifically, PBI is hereby enjoined and restrained from directly or indirectly, individually or through any entity or any other person: (a) serving or acting, for compensation or otherwise, as a fiduciary, service provider, administrator, officer, trustee, custodian, counsel, agent, employee or representative in any capacity to any employee benefit plan covered by ERISA; (b) serving or

acting, for compensation or otherwise, as a consultant or adviser to any employee benefit plan covered by ERISA or to any entity whose activities include the provision of goods or services to any employee benefit plan covered by ERISA; (c) serving or acting, for compensation or otherwise, in any capacity that involves decision making authority or custody or control of the monies, funds, assets or property of any employee benefit plan covered by ERISA; and (d) selling, promoting, marketing, or providing any product or service to, making any recommendation to, or bringing any product, service or investment to the attention of, any employee benefit plan covered by ERISA or to any person acting on behalf of such plan, or facilitating or encouraging any expenditure or investment by any employee benefit plan covered by ERISA.  Notwithstanding anything to the contrary in the above restriction, PBI may (i) serve as a fiduciary for the employee benefit plans covering its own or its affiliates' employees; (ii) as a service provider to an employee benefit plan solely with respect to IRAs or HSAs, opened by PBI in the ordinary course of its banking business on terms generally available to the public; and (iii) respond to parties seeking financial advisory services by referring such parties to a trust company, broker-dealer, investment adviser or other provider of financial services subject to supervision and regulation by federal and/or state authorities, provided that under no circumstances:  (1) will PBI refer any party seeking financial advisory services to Richard Cash, John Grider, or any affiliate or subsidiary related to PBI; and (2) PBI shall not receive any compensation, including soft dollar arrangements as a result of its response for a referral.

9.     The injunction described in the preceding paragraph shall terminate upon the Federal Reserve Board's review and approval of an application pursuant to 12 C.F.R. 225.11, approving a change of control of PBI under 12 U.S.C § 1841 (a), or upon the Secretary's written authorization. PBI shall provide notice to the Secretary of any change of control within the

meaning of this paragraph within 10 days of such change and evidence in support that is

acceptable to the Secretary, and the Secretary shall have 30 days thereafter to dispute that the

requisite change transpired.  If the matter remains in dispute, then PBI may file a motion with

this Court to resolve the issue.

        10.      In the event that, for any reason whatsoever, the Court declines to approve this

Agreed Order, then this Agreed Order shall be deemed null and void and (a) the parties will be

free to pursue all of their claims alleged in the Secretary's complaint and PBI's third-party

complaint to seek all relief prayed for in those civil actions from all other parties, including

claims for non-monetary and monetary relief, (b) the parties will be free to assert all defenses of

any kind to the claims other than defenses arguing that any part of this Agreed Order can be

construed to release, interfere with, qualify, or bar the prosecution of claims by the other parties

for any type of remedy, monetary or non-monetary, set forth in this action; and (c) the provisions

of this Agreed Order shall be of no further force or effect and shall not be admissible in evidence

in any action pending or filed against any party.

        11.      Provisions of this Agreed Order requiring notice to the Secretary shall be satisfied

by delivering such notice in writing to:

        Regional Director
        U.S. Department of Labor
        Employee Benefits Security Administration
        230 South Dearborn Street, Room 2160
        Chicago, IL 60604-1502
        Phone: 312-353-0900
        Fax: 312-353-1023

with duplicate notice delivered to:

        Associate Solicitor
        U.S. Department of Labor
        Office of the Solicitor
        Plan Benefits Security Division
        200 Constitution Avenue, N.W., Room N-4611

Washington, DC 20210
Phone: 202-693-5600
Fax: 202-693-5610

Delivery shall be made by facsimile transmission or reliable overnight express courier service.

12.     This Agreed Order constitutes a full, final and complete settlement of all claims alleged in the Secretary's Complaint in this action, and all such claims are hereby released, settled, and dismissed with prejudice.  Except as provided in this Agreed Order, the parties do not waive any claims against any other persons.  Nothing in this Agreed Order shall be construed or interpreted as either an admission or denial by PBI or any other party.  The Secretary acknowledges that PBI's payment, in settlement of the Secretary's ERISA § 502(l) claim, is for the settlement of a disputed claim, and is not, and shall not be construed as, an admission or denial that PBI or any other party engaged in any breach of fiduciary duty or wrongful, tortious, or unlawful activity.

13.     Each party to this Agreed Order and its agents, representatives, assigns, predecessors and successors in interest, acting in their official capacities, do hereby mutually settle, waive, release, and forever discharge any and all claims, demands, actions, causes of action, liabilities, and fines and investigations of whatever nature, against each other party to this Agreed Order and their respective holding company, officers, directors, attorneys, employees, agents, insurers, reinsurers, predecessors, successors-in-interest, and successors as the ESOP's trustee (expressly including, without limitation, Horizon), that relate to the September 14, 2007, purchase of Miller's Health stock by the Miller's Health ESOP, any act or omission of PBI as the Trustee of the Miller's Health ESOP related thereto, the allegations contained in the Secretary's Complaint, and the allegations contained in PBI's Third-Party Complaint in this action.

14.     Notwithstanding anything contained herein to the contrary, however, the waiver, release, and discharge of claims in this Agreed Order does not extend to, encompass, or otherwise affect any of the rights that Horizon has against the Company under its engagement letter with the Company (as that contract may exist from time to time) or the terms of the Plan, including but not limited to any rights that relate to Horizon's performance of services or liability for actual or alleged acts or omissions as the ESOP's trustee in connection with any matters related to the Secretary's Complaint.

15.     PBI, its agents, beneficiaries, representatives, assigns, and successors in interest, do hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto.  In particular, PBI expressly waives any and all claims of any nature that it may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access To Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

16.     The parties shall bear their own costs, expenses, and attorney's fees in connection with these actions and any other proceeding or investigation incident thereto.

17.     This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Agreed Order.

18.     By entering into this Agreed Order, each of the parties represents that they each have been informed by counsel of the effect and purpose of this Agreed Order and each agrees to be bound by its terms.

19.     This Agreed Order is not binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

20.     This Agreed Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

This is a final order within the meaning of Rule 54 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated this 20th day of July, 2015.


   /s/ Philip P. Simon
Philip P. Simon, Chief Judge
United States Judge

The parties, by themselves or their undersigned Counsel, hereby agree to the entry of this

Agreed Order:


For the Secretary:


M. PATRICIA SMITH
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor
Plan Benefits Security Division

CHRISTINE Z. HERI
Regional Solicitor, Chicago

MICHAEL SCHLOSS
Counsel for Financial Litigation
Plan Benefits Security Division


/s/ Bruce Canetti
GLENN M. LOOS
Senior Trial Attorney, PBSD
MICHAEL R. HARTMAN
Trial Attorney, PBSD
BRUCE CANETTI
Trial Attorney, Chicago RSOL
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, D.C.  20013
(202) 696-5767
loos.glenn@dol.gov
(312) 353-3271
canetti.bruce@dol.gov


Dated:        7/10/15

For PBI:


/s/ Nelson Alexander
NELSON ALEXANDER
Frost Brown Todd LLC
201 North Illinois Street
Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961



Dated:        7/10/15




Agreed to For The Miller's Health Systems, Inc. Employee Stock Ownership Plan and Trust:


/s/ Philip J. Gutwein II
PHILIP J. GUTWEIN II
Faegre Baker Daniels LLP
300 North Meridian St.
Suite 2700
Indianapolis, IN 46204


Dated:        7/10/15

For the Third-Party Defendants:

MILLER'S HEALTH SYSTEMS, INC.

DATED: 7/10/15                              By: /s/ Tina M. Robinson
                                            Tina M. Robinson, Member of the PBI
                                            Litigation Committee of Miller's Health
                                            Systems, Inc. and Member of Miller's
                                            Health Systems, Inc. Board of Directors


/s/ V. Richard Miller
V. Richard Miller


/s/ R. James Miller
R. James Miller


 /s/ Beverly J. Miller
Beverly J. Miller


/s/ Barbara J. Miller
Barbara J. Miller


/s/ Patrick H. Boyle
Patrick H. Boyle


/s/ Lori A. Haug
Lori A. Haug